**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

FEB 09 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YONGHUI ZHANG, | No. 11-71776 |
| Petitioner, | Agency No. A099-398-412 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 6, 2015**
Pasadena, California

Before: KOZINSKI, WARDLAW, and W. FLETCHER, Circuit Judges.

Yonghui Zhang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's

(IJ) denial of his application for asylum, withholding of removal, and protection

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

1. Zhang filed his asylum application after the effective date of the REAL ID Act. REAL ID Act, Pub. L. No. 109-13, § 101(h) (2005). "Under the REAL ID Act, the IJ may base an adverse credibility determination on any relevant factor that, considered in light of the totality of the circumstances, can reasonably be said to have a 'bearing on a petitioner's veracity.'" *Ren v. Holder*, 648 F.3d 1079, 1084 (9th Cir. 2011) (quoting *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010)). Substantial evidence supports the BIA's decision upholding the IJ's adverse credibility determination. *Shrestha*, 590 F.3d at 1039. Zhang omitted from his asylum application his demotion and pay reduction that he later claimed resulted from his wife's forced abortion, even though he included other extensive details of his employment. When asked to explain this omission, Zhang first testified that he "thought [he] needed to write about what happened to [his] wife," and later stated that he forgot to put the information down. This was a significant omission because Zhang's demotion and pay reduction provided important support for his asylum claims. *See Kin v. Holder*, 595 F.3d 1050, 1056-57 (9th Cir. 2010).

Further, Zhang admitted he was not truthful in obtaining his visa, and the BIA and IJ found that Zhang could not adequately explain the numerous

2

inconsistencies about his place of employment in his declaration, testimony, 1999 household registry, and visa application. The IJ accurately noted that Zhang "has not submitted evidence to show that he was employed in 2004 or laid off at the company that he claimed during these proceedings." Because Zhang's claim for asylum relies in large part on his employer's conduct, the inconsistency regarding his place of employment is not trivial. *See Shrestha*, 590 F.3d at 1044-47.

2. The BIA properly determined that the IJ reasonably required Zhang to submit corroborating evidence in light of his credibility issues. The IJ gave Zhang notice of the need for corroborating evidence and the opportunity to gather and present this evidence. Nevertheless, as the BIA noted, Zhang did not present sufficient evidence that he was employed at, or laid off from, the Beijing Foreign Trade Transportation Company, nor did he present any statement from his employer or co-workers. Furthermore, Zhang provided no statement from his wife regarding her forced abortion, even though he testified that he was in contact with his wife and family members. Thus, a reasonable trier of fact would not be compelled to conclude that corroborating evidence was unavailable. *Id.* at 1047-48 (citing 8 U.S.C. § 1252(b)(4)).

**Petition Denied.**

3